COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Donell Voncello Phillips v. The State of Texas

Appellate case number:   01-18-00105-CR

Trial court case number: 1521971

Trial court:             230th District Court of Harris County

Appellant's brief was originally due on July 5, 2018. Appointed counsel, Natalie Schultz, filed one motion for extension of time to file the brief, which we granted until August 22, 2018. The court issued a notice that the brief was overdue and that the court might remand the cause to the trial court for a hearing unless appellant filed a response by September 4, 2018. No response was filed.

Pursuant to Rule 38.8, we abate this appeal and remand the case to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, appointed attorney Natalie Schultz, and appellant shall be present.\* The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)    whether appellant wishes to prosecute this appeal; and, if so,

(2)    whether appointed counsel Schultz has abandoned the appeal by failing to timely file briefs on appellant's behalf;

(3)    and, if so, whether appellant is presently

  (a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

---

\*    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4) or, if appointed counsel Schultz has not abandoned the appeals, make appropriate findings and recommendations regarding the reason that counsel has failed to file a brief and establish a date by which counsel will file appellant's brief, <u>no later than 15 days from the date of the hearing</u>.

TEX. CODE CRIM. PROC. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than November 30, 2018**. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than November 30, 2018.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

It is so ORDERED.


Judge's signature: ___/s/ Jennifer Caughey_____
       ☒ Acting individually  ☐ Acting for the Court


Date: _November 1, 2018_____